20-3235-cv
*Chechele v. Dundon*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of April, two thousand twenty-one.

Present:
>
> DEBRA ANN LIVINGSTON,
> *Chief Judge,*
> ROSEMARY S. POOLER,
> WILLIAM J. NARDINI,
> *Circuit Judges*.

_____

DONNA ANN GABRIELE CHECHELE,

      *Plaintiff-Appellant,*

      v.                                             20-3235-cv

THOMAS G. DUNDON,

      *Defendant-Appellee,*

SANTANDER CONSUMER HOLDINGS U.S.A. INC.,

      *Nominal Defendant-Appellee.*

_____

For Plaintiff-Appellant:              MIRIAM TAUBER, Miriam Tauber Law PLLC, New York, NY; James A. Hunter, *on the brief*, Hunter & Kmiec, Pipersville, PA; David Lopez, *on the brief*, Law Office of David Lopez, Southampton, NY.

For Defendant-Appellee:    COLIN A. UNDERWOOD, Reed Smith LLP, New York, NY.

For Nominal Defendant-Appellee:  Michael V. Rella, Murphy & McGonigle, P.C., New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Daniels, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Donna Ann Gabriele Chechele appeals from an August 18, 2020 judgment of the United States District Court for the Southern District of New York (Daniels, *J.*) granting a motion to dismiss in favor of Defendant-Appellee Thomas G. Dundon. Chechele commenced this action against Dundon on November 13, 2019, seeking disgorgement of short-swing profits under Section 16(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended, 15 U.S.C. § 78p(b). Broadly, Chechele alleges that Dundon—the former Chairman and Chief Executive Officer of Nominal Defendant-Appellee Santander Consumer Holdings U.S.A. Inc. ("SCUSA")—violated Section 16(b) by purchasing 759,773 shares of SCUSA stock at $24.00 per share pursuant to a call option and selling 34,598,506 shares of SCUSA stock at $27.225 per share within a six-month period. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\*   \*   \*

We review *de novo* the district court's judgment granting Dundon's motion to dismiss. *Stratte-McClure v. Morgan Stanley*, 776 F.3d 94, 99–100 (2d Cir. 2015). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* For purposes of a motion to dismiss, the complaint includes "any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000).

\* \* \*

The district court dismissed Chechele's sole claim because it found that Chechele failed plausibly to allege a "purchase" within six months of a "sale" for purposes of Section 16(b). According to the district court, the allegations in the complaint fail to state a claim under Section 16(b) because they indicate that Dundon: (1) "purchased" the 759,773 SCUSA shares at issue in this action when he acquired a call option to purchase the shares in January 2014; and (2) "sold" shares on November 15, 2017. We agree.

Section 16(b) of the Exchange Act "compels statutory insiders to disgorge profits earned on any purchase and sale (or sale and purchase) made within six months of each other." *Magma Power Co. v. Dow Chem. Co.*, 136 F.3d 316, 320 (2d Cir. 1998). We have explained that to state a claim under Section 16(b), "a plaintiff must plausibly allege that 'there was (1) a purchase and (2) a sale of securities (3) by an officer or director of the issuer or by a shareholder who owns more than ten percent of any one class of the issuer's securities (4) within a six-month period.'" *Olagues v. Perceptive Advisors LLC*, 902 F.3d 121, 125 (2d Cir. 2018) (quoting *Gwozdzinsky v. Zell/Chilmark Fund, L.P.*, 156 F.3d 305, 308 (2d Cir. 1998)).

The Securities and Exchange Commission has promulgated regulations applying Section 16(b) to derivative securities such as call options. Rule 16b–6 provides that "[t]he establishment of or increase in a call equivalent position . . . shall be deemed a purchase of the underlying

3

security for purposes of [S]ection 16(b) of the [Exchange] Act." 17 C.F.R. § 240.16b–6(a). By contrast, "[t]he closing of a derivative security position as a result of its exercise or conversion shall be exempt from the operation of [S]ection 16(b)." *Id.* § 240.16b–6(b). This rule regarding the exercise of a derivative security is subject to one exception: "[T]he acquisition of underlying securities from the exercise of an out-of-the-money option . . . shall not be exempt."[1] *Id.* Thus, as a general matter, "the *acquisition* of a fixed-price option—rather than its *exercise*—is the triggering event for Section 16(b) purposes." *Magma Power*, 136 F.3d at 321–22 (emphasis in original). "By the same token, the *exercise* of a fixed-price option is a non-event for [Section] 16(b) purposes," *id.* at 322 (emphasis added), unless the option holder exercises the option "out of the money," 17 C.F.R. § 240.16b–6(b).

Here, Chechele fails plausibly to allege a Section 16(b) "purchase" within six months of Dundon's November 15, 2017 "sale" of SCUSA stock. The call option Dundon acquired in January 2014 was a "derivative security" subject to the terms of Rule 16b–6: As the complaint alleges and as the attachments thereto make clear, Dundon's call option afforded him the right to purchase 759,773 SCUSA shares at a fixed price of $24.00 per share. *See id.* § 240.16a–1(c) ("The term derivative securities shall mean any option . . . with an exercise or conversion privilege at a price related to an equity security . . . ."). Therefore, when Dundon acquired the call option in January 2014, he "purchase[d] . . . the underlying security for purposes of [S]ection 16(b)." *Id.* § 240.16b–6(a).

---

[1] A transaction is "out of the money" when the strike price of the option exceeds the stock price. *See Perceptive Advisors*, 902 F.3d at 123–24. A transaction is "in the money" when the stock price exceeds the strike price. *See id.* at 124.

Nevertheless, Chechele argues that Dundon effectuated a Section 16(b) "purchase" on November 15, 2017 by cash settling the 759,773 SCUSA shares underlying the call option "out of the money" on that date. But Chechele's complaint belies her argument. Per the allegations in the complaint, Dundon exercised the call option "in the money" on July 2, 2015—at which time SCUSA's stock price exceeded the strike price of the option—by delivering to SCUSA an exercise notice electing cash settlement of the shares underlying the call option. Dundon's exercise of the option is accordingly "exempt from the operation of [S]ection 16(b)." *Id.* § 240.16b–6(b).

Because the allegations in the complaint indicate that Dundon's only "purchase" of stock occurred in January 2014, there was no purchase of stock within six months of the November 2017 settlement date. Chechele thus fails plausibly to allege a "purchase" within six months of a "sale" for purposes of Section 16(b). Consequently, the district court did not err in concluding that Chechele fails to state a claim under Section 16(b).[2]

\*      \*      \*

We have considered Chechele's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] Because we conclude that Chechele fails to allege a "purchase" within six months of a "sale" for purposes of Section 16(b), we need not reach Dundon's alternative arguments that Rule 16b–3, 17 C.F.R. § 240.16b-3, and the "unorthodox transaction" rule of *Kern County Land Co. v. Occidental Petroleum Corp.*, 411 U.S. 582 (1973), each exempt him from liability.

5